US Bank N.A. v Mattiello (2020 NY Slip Op 05078)





US Bank N.A. v Mattiello


2020 NY Slip Op 05078


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2017-06848 
2017-13263
2017-13264
 (Index No. 700220/15)

[*1]US Bank National Association, etc., respondent,
v
James Mattiello, appellant, et al., defendants.


Brian McCaffrey, Attorney at Law, P.C., Jamaica, NY, for appellant.

In an action to foreclose a mortgage, the defendant James Mattiello appeals from two orders of the Supreme Court, Queens County (Thomas D. Raffaele, J.), both entered October 20, 2017, and an order and judgment of foreclosure and sale (one paper) of the same court (Maureen A. Healy, J.) entered June 5, 2019. The first order entered October 20, 2017, granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and an order of reference. The second order entered October 20, 2017, among other things, appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon an order of the same court entered June 9, 2017, denying that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the report of the referee, and directed the sale of the subject property.


DECISION & ORDER
Cross motion by the respondent, inter alia, to dismiss the appeals from the orders entered October 20, 2017, on the grounds that the right of direct appeal therefrom terminated upon the entry of the order and judgment of foreclosure and sale in the action and that no appeal lies from orders entered upon the default of the appealing party. By decision and order on motion of this Court dated September 30, 2019, the branches of the cross motion which were to dismiss the appeals from the orders entered October 20, 2017, were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion, and no papers having been filed in opposition or relation thereto, and upon the submission of the appeals, it is
ORDERED that the branches of the cross motion which are to dismiss the appeals from the orders entered October 20, 2017, are granted, and the appeals from those orders are dismissed, without costs or disbursements (see Matter of Aho, 39 NY2d 241); and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed, without costs or disbursements.
On this appeal from an order and judgment of foreclosure and sale, the sole contention raised by the appellant mortgagor, James Mattiello, is that the Supreme Court erred in [*2]denying his motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Here, in support of his motion for summary judgment, the appellant established, prima facie, that the plaintiff accelerated the mortgage loan by commencing an action to foreclose the mortgage on or about November 5, 2009, and the instant action was commenced more than six years later, on January 9, 2015.
In opposition, however, the plaintiff established that the defendant's multiple Chapter 13 bankruptcy filings tolled the statute of limitations by a total of at least 839 days, thereby extending the limitations period and rendering the instant action timely commenced (see generally Lubonty v U.S. Bank N.A., 34 NY3d 250). Accordingly, we agree with the Supreme Court's determination denying the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court